IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. ARTHUR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EDMUND G. BROWN, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 13-1097 LHK (PR) <br><br> ORDER OF SERVICE; <br> DIRECTING DEFENDANTS TO <br> FILE DISPOSITIVE MOTION <br> OR NOTICE REGARDING <br> SUCH MOTION |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court orders service upon the named Defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3   the alleged violation was committed by a person acting under the color of state law. *See West v.*
4   *Atkins*, 487 U.S. 42, 48 (1988).

5   B.   <u>Legal Claims</u>

6   In the complaint, Plaintiff alleges that in May 2012, he requested medical attention for
7   injured fingers.  After repeated requests to see a doctor, Plaintiff finally was seen by a doctor in
8   September 2012, who diagnosed Plaintiff with a "volar plate fracture" of his right ring finger.
9   The doctor referred Plaintiff for hand surgery, which was ultimately denied by Chief Medical
10  Officer, Dr. Bright.  Plaintiff claims that he is still suffering from pain and a physical deformity
11  due to the failure to properly care for his injury.  Liberally construed, Plaintiff has stated a
12  cognizable claim that Defendants were deliberately indifferent to his serious medical needs.

13  However, Defendants Governor Edmund G. Brown, Secretary Matthew Cate, Warden
14  R.T.C. Ground, and Chief Medical Executive Dr. A. Adams are DISMISSED without prejudice.
15  Plaintiff alleges that they are responsible for the rules and policies related to medical care of
16  incarcerated inmates.  A supervisor may be liable under section 1983 upon a showing of (1)
17  personal involvement in the constitutional deprivation or (2) a sufficient causal connection
18  between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*,
19  678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir.
20  2011)).  A plaintiff must also show that the supervisor had the requisite state of mind to establish
21  liability, which turns on the requirement of the particular claim – and, more specifically, on the
22  state of mind required by the particular claim – not on a generally applicable concept of
23  supervisory liability. *Oregon State University Student Alliance v. Ray*, 699 F.3d 1053, 1071 (9th
24  Cir. 2012).  However, it is insufficient for a plaintiff only to allege that supervisors knew about
25  the constitutional violation and that they generally created policies and procedures that led to the
26  violation, without alleging "a *specific* policy" or "a *specific* event" instigated by them that led to
27  the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (emphasis in
28  original).  Because Plaintiff has not sufficiently pleaded a claim against supervisor defendants,

1  Defendants Governor Edmund G. Brown, Secretary Matthew Cate, Warden R.T.C. Grounds, and
2  Chief Medical Executive Dr. A. Adams are DISMISSED without prejudice.

## CONCLUSION

3
4     1.   Defendants Governor Edmund G. Brown, Secretary Matthew Cate, Warden
5  R.T.C. Grounds, and Chief Medical Executive Dr. A. Adams are DISMISSED without prejudice
6     2.   The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
7  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
8  and all attachments thereto (docket no. 1), and a copy of this Order to Chief Medical Officer Dr.
9  Bright; Primary Care Physician Dr. Richard Mack; Correctional Treatment Center Dr. Sam
10 Pajong; SRN II Nurse J. Gonnella; RN L. Turner; RN P.A. Chalich; RN R. Gabler; RN P.
11 Maldonady; RN L. Villiaparampll; and RN G. Bautista at SVSP, and Dr. Jane Lee at Valley
12 Radiology Medical Associates, Inc., 2581 Samaritan Drive, Suite 100, San Jose, CA 95124.
13    The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this
14 Order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of
15 this Order to Plaintiff.
16    3.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
17 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
18 Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on
19 behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear
20 the cost of such service unless good cause be shown for their failure to sign and return the waiver
21 form. If service is waived, this action will proceed as if Defendants had been served on the date
22 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required
23 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
24 was sent. (This allows a longer time to respond than would be required if formal service of
25 summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the
26 waiver form that more completely describes the duties of the parties with regard to waiver of
27 service of the summons. If service is waived after the date provided in the Notice but before
28 Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date

on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. No later than **ninety (90) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

   a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

1      9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
2  No further Court order is required before the parties may conduct discovery.
3      10.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
4  and all parties informed of any change of address and must comply with the Court's orders in a
5  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
6  pursuant to Federal Rule of Civil Procedure 41(b).
7      IT IS SO ORDERED.
8  DATED: 6/3/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge