IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. ARTHUR,<br><br>    Plaintiff,<br><br>  v.<br><br>EDMUND G. BROWN, et al.,<br><br>    Defendants. | No. C 13-1097 LHK (PR)<br><br>ORDER OF SERVICE ON DEFENDANT BRIGHT; ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR UNSERVED DEFENDANTS |

    Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court ordered service upon the named defendants. (Docket No. 4.) On June 24, 2013, Notices of Lawsuit and Requests for Waiver of Service of Summons for each of the defendants were mailed to Salinas Valley State Prison ("SVSP"). On July 2, 2013, SVSP Litigation Coordinator G. Lopez sent a letter to the court indicating that defendants P. Maldonady and L. Villiaparampil were not located in the personnel database as ever being employed at SVSP, and that defendant Bright had been transferred to another institution. (Docket No. 18.) On July 9, 2013, the SVSP Litigation Coordinator sent another letter indicating that defendant G. Bautista was not an employee of SVSP, but was a contract employee of Maxim. (Docket No. 19.) Accordingly, defendants Maldonady, Villiaparampil, Bright and Bautista have not been served. The court will issue a second order of service on defendant Bright to be mailed to the Correctional Training Facility in Soledad where defendant Bright was transferred.

Order Directing Pl. to Provide Court with More Info; Order of Service on Defendant Bright
G:\PRO-SE\LHK\CR.13\Arthur097moreino-srv2.wpd

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Because plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendants Maldonady, Villiaparampil, and Bautista, plaintiff must remedy the situation or face dismissal of his claims against these defendants without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, plaintiff must provide the court with accurate and current addresses for defendants Maldonady, Villiaparampil, and Bautista such that the Marshal is able to effect service.

The court notes that plaintiff submitted with his complaint institutional documents that identify P. Maldonady, RN and L. Valliaparampil, RN as employees of SVSP. (*See* Docket No. 1, pp. 17, 19, attached.) In the interest of justice, the court requests that the SVSP Litigation Coordinator review these documents and determine whether the employees identified in the institutional documents are the named defendants in these proceedings. If the employees are said defendants, the court requests that the Litigation Coordinator notify the court if they are currently employed at SVSP. If they are former employees of SVSP, but still employed with the California Department of Corrections and Rehabilitation ("CDCR"), the Litigation Coordinator is requested to provide current employment addresses for the defendants. If they are former employees but no longer employed with CDCR, the Litigation Coordinator is requested to provide forwarding addresses, or notice that such information is not available.

## CONCLUSION

1. Plaintiff must file a notice providing the court with accurate and current addresses for

Order Directing Pl. to Provide Court with More Info; Order of Service on Defendant Bright
G:\PRO-SE\LHK\CR.13\Arthur097moreino-srv2.wpd    2

1  defendants **P. Maldonady**, **L. Villiaparampil** and **G. Bautista** such that the Marshal is able to
2  effect service.  If plaintiff fails to provide the court with accurate and current addresses for
3  defendants P. Maldonady, L. Villiaparampil and G. Bautista **within thirty (30) days** of the date
4  this order is filed, plaintiff's claims against these defendants will be dismissed without prejudice
5  pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

6        2.     In the interest of the justice, the clerk of the court shall forward a copy of this
7  order to the Litigation Coordinator at **Salinas Valley State Prison, P.O. Box 1020, Soledad,**
8  **CA 93960**, who is requested to provide the current employment status for defendant **P.**
9  **Maldonady**, **RN** and defendant **L. Villiaparampil, RN**, and any available forwarding addresses,
10 or notice that such information is not available, **within thirty (30) days** from the date this order
11 is filed.

12       3.     The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of
13 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
14 (docket no. 1), all attachments thereto, the court's order dated June 4, 2013 (docket no. 4), and
15 this order to defendant **Dr. Bright at Correctional Training Facility, P.O. Box 686, Soledad,**
16 **CA 93960.**  The clerk shall also mail a courtesy copy of this order to the Attorney General's
17 Office at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

18       4.     Defendant Dr. Bright is cautioned that Rule 4 of the Federal Rules of Civil
19 Procedure requires him to cooperate in saving unnecessary costs of service of the summons and
20 complaint.  Pursuant to Rule 4, if defendant, after being notified of this action and asked by the
21 court, on behalf of plaintiff, to waive service of the summons, fails to do so, he will be required
22 to bear the cost of such service unless good cause is shown for the failure to sign and return the
23 waiver form.  If service is waived, this action will proceed as if defendant had been served on the
24 date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be
25 required to serve and file an answer before **sixty (60) days** from the date on which the request
26 for waiver was sent.  (This allows a longer time to respond than would be required if formal
27 service of summons is necessary.)  Defendant is asked to read the statement set forth at the
28 bottom of the waiver form that more completely describes the duties of the parties with regard to

1  waiver of service of the summons.  If service is waived after the date provided in the Notice but
2  before defendant has been personally served, the answer shall be due **sixty (60) days** from the
3  date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form
4  is filed, whichever is later.

5      5.    No later than **ninety (90) days** from the date of this order, defendant shall file a
6  motion for summary judgment or other dispositive motion with respect to the cognizable claims
7  in the complaint.

8          a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff
9  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
10 defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
11 F.3d 1108, 1119-20 (9th Cir. 2003).

12         b.    Any motion for summary judgment shall be supported by adequate factual
13 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
14 Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**
15 **immunity found, if material facts are in dispute.  If defendant is of the opinion that this**
16 **case cannot be resolved by summary judgment, he shall so inform the court prior to the**
17 **date the summary judgment motion is due.**

18     6.    All other deadlines shall remain in effect in accordance with the court's order
19 filed June 4, 2013.  (Docket No. 4.)

20     IT IS SO ORDERED.
21 DATED:  9/3/13    *Lucy H. Koh*
22                 LUCY H. KOH
                United States District Judge