IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. ARTHUR,        ) | No. C 13-1097 LHK (PR) |
|                          ) | |
|        Plaintiff,         ) | ORDER GRANTING MOTION |
|                          ) | FOR SUMMARY JUDGMENT |
|    v.                     ) | |
|                          ) | |
| EDMUND G. BROWN, et al.,   ) | |
|                          ) | |
|        Defendants.        ) | |
|                          ) | |

    Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials were deliberately indifferent to his serious medical needs. Defendant Dr. Jane W. Lee ("Dr. Lee") has moved for summary judgment. Although given an opportunity, plaintiff has not filed an opposition. Having carefully considered the papers submitted, the court GRANTS Dr. Lee's motion for summary judgment, for the reasons set forth below.

**BACKGROUND**

    The following facts are taken in the light most favorable to plaintiff, and are undisputed unless otherwise indicated.

    On May 8, 2012, while housed at Salinas Valley State Prison, plaintiff injured his hand and sought medical treatment. (Compl. at 3A.) A nurse taped plaintiff's fingers together for stability. (*Id.*) On May 25, 2012, plaintiff had still not been seen by a doctor, and so plaintiff

1  submitted a second request for sick call. (*Id.*) On May 31, 2012, plaintiff was seen by a nurse,
2  who called the emergency room physician, Dr. Pajong. (*Id.*) Dr. Pajong checked the results of
3  an x-ray of plaintiff's hand, and determined that there was no fracture. (*Id.*) The nurse taped
4  plaintiff's fingers again and provided plaintiff with pain medication. (*Id.* at 3A-3B.)

5  In June 2012, plaintiff's x-ray was transmitted to Dr. Lee, a private radiologist who had
6  an independent contracting relationship with Valley Radiology Medical Associates. (Lee Decl.
7  at ¶ 2; Compl. at 3B.) Dr. Lee performed a "read only" procedure, and found that the x-ray
8  revealed no fractures or dislocations. (*Id.*)

9  Over the next few months, plaintiff was still experiencing pain and felt his finger was
10 healing abnormally. (*Id.*) Plaintiff submitted sick call slips, and was treated with heat and ice,
11 as well as pain medication. (*Id.* at 3B-3C.) Finally, on September 25, 2012, plaintiff's primary
12 care physician, Dr. Mack, ordered another x-ray to rule out an occult fracture. (*Id.* at 3C.) On
13 October 12, 2012, Dr. Lee prepared a report, indicating that this x-ray revealed the presence of a
14 2 millimeter ossific fragment in plaintiff's right fourth finger. (*Id.*) On October 18, 2012, Dr.
15 Mack requested a referral for plaintiff to have hand surgery. (*Id.*)

16 Plaintiff asserts that the all defendants were aware that plaintiff needed medical attention.
17 Plaintiff further argues that he was forced to suffer for four months before he saw his physician,
18 which resulted in a physical deformity in plaintiff's hand that could have been prevented. (*Id.* at
19 3D.)

20 **ANALYSIS**

21 A.   Standard of Review

22 Summary judgment is proper where the pleadings, discovery and affidavits demonstrate
23 that there is "no genuine issue as to any material fact and that the moving party is entitled to
24 judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect
25 the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute
26 as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a
27 verdict for the nonmoving party. *Id.*

28 The party moving for summary judgment bears the initial burden of identifying those

portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

B.  <u>Plaintiff's Claim</u>

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the

seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Plaintiff's allegations against Dr. Lee are insufficient to survive defendants' motion for summary judgment.  First, plaintiff has failed to provide any evidence that Dr. Lee "actually and proximately caused the deprivation of a federally protected right." *Lemire v. California Dep't. of Corrections & Rehabilitation*, 726 F.3d 1062 at 1068 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Dr. Lee's reading of plaintiff's x-ray, taken in May 2012, was that the bones, joint spaces, and soft tissues were radiographically normal.  (Werden Decl. at ¶ 4.)  Dr. Lee's reading of plaintiff's second x-ray, taken in September 2012, was that the image was consistent with "volar plate fracture."  (*Id.* at ¶ 6.)  However, a volar plate fracture does not necessarily mean that a fracture is apparent.  (*Id.*)

Notably, plaintiff does not allege that Dr. Lee was incorrect in her findings.  Here, there is an absence of evidence that Dr. Lee knew plaintiff faced a substantial risk of harm, and consciously disregarded that risk in some fashion.  *See Farmer*, 511 U.S. at 837.  In addition, even assuming that Dr. Lee's conclusions were incorrect, Dr. Lee's involvement with plaintiff was limited to these two brief occasions.  At most, these are isolated occurrences of neglect, which do not set forth a viable deliberate indifference claim.  *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir.1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; it may constitute grounds for medical malpractice but does not rise to level of unnecessary and wanton infliction of pain).

Order Granting Motion for Summary Judgment
G:\PRO-SE\LHK\CR.13\Arthur097msj.wpd            4

# CONCLUSION

Accordingly, Dr. Lee's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

DATED: 2/10/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge