1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11  TIMOTHY W. ARTHUR, | ) | No. C 13-1097 LHK (PR) |
| | ) | |
| 12       Plaintiff, | ) | ORDER DENYING MOTIONS |
| | ) | TO DISMISS WITHOUT |
| 13    v. | ) | PREJUDICE |
| | ) | |
| 14  EDMUND G. BROWN, et al., | ) | |
| | ) | (Docket Nos. 25, 44) |
| 15       Defendants. | ) | |
| | ) | |

16

17       Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

18  U.S.C. § 1983, alleging that defendants were deliberately indifferent to his serious medical

19  needs. Defendants have filed two separate motions to dismiss for failure to exhaust, pursuant to

20  Federal Rule of Civil Procedure 12(b).  Although given an opportunity, plaintiff has not filed any

21  opposition.

22       The Ninth Circuit recently overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.

23  2003), which held that failure to exhaust available administrative remedies under the Prisoner

24  Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an

25  unenumerated Rule 12(b) motion.  *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th

26  Cir. Apr. 3, 2014) (en banc).  "[A] failure to exhaust is more appropriately handled under the

27  framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." *Id.*

28       Under the new law of the circuit, in the rare event that a failure to exhaust is clear on the

1  face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). *Id.* Otherwise,
2  defendants must produce evidence proving failure to exhaust in a motion for summary judgment
3  under Rule 56. *Id.* Defendants must present probative evidence that there was an available
4  administrative remedy and that the prisoner did not exhaust that available administrative remedy.
5  *Id.* at *5, *8.

6  On April 14, 2014, defendants filed a notice and request to convert their Rule 12(b)
7  motions into motions for summary judgment. However, out of an abundance of caution, as a
8  matter of clarity, and to ensure that plaintiff understands the difference between a Rule 12(b)
9  motion and a motion for summary judgment, defendants' request to convert their motions is
10 DENIED.

11 In view of *Albino*, defendants' motions (docket nos. 25, 55) to dismiss plaintiff's instant
12 prisoner action under the unenumerated portion of Rule 12(b) for failure to exhaust available
13 administrative remedies, as required by the PLRA, are DENIED. These denials are without
14 prejudice to defendants renewing their failure to exhaust defense in a motion for summary
15 judgment, if appropriate.

16 In order to expedite these proceedings, defendants must serve and file a motion for
17 summary judgment (whether or not they choose to raise a failure to exhaust defense) within 60
18 days of this order. Plaintiff must serve and file an opposition or statement of non-opposition to
19 the motion not more than 28 days after the motion is served and filed, and defendants must serve
20 and file a reply to an opposition not more than 14 days after the opposition is served and filed.

21 IT IS SO ORDERED.
22 DATED: 5/2/14                          *Lucy H. Koh*
                                          LUCY H. KOH
23                                        United States District Judge

Order Denying Motions to Dismiss without Prejudice
P:\PRO-SE\LHK\CR.13\Arthur097denalbino.wpd        2